IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 98-50848

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER ABUD LOPEZ, also known as Comandante,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Western District of Texas

———————————————

March 6, 2000

Before HIGGINBOTHAM and PARKER, Circuit Judges, and ATLAS,[*] District Judge.

HIGGINBOTHAM, Circuit Judge:

This appeal brings questions regarding the authority of a magistrate judge to preside in a federal prosecution of a felony after the jury has commenced its deliberations. Javier Abud Lopez asks us to reverse his conviction, urging that judicial power has been unconstitutionally delegated, a contention bristling with difficult issues under Article III of the Constitution.

The government concedes that the record is inadequate for this appeal because it does not fully disclose the events relevant to

———————————————

[*]District Judge of the Southern District of Texas, sitting by designation.

the respective roles played by the judge of the district court and the magistrate judge.

We are persuaded that this case must be remanded to the district court with instructions to settle the record regarding the pre-verdict events and the respective roles played by the United States District Court Judge and the Magistrate Judge. The district court should first determine what transcripts may yet be obtained from the electronic recordings and conduct such hearings or other proceedings as necessary to develop the best record possible to assist this court in deciding this appeal. The defendant has served much of his sentence due to the delays entailed by difficulties in the record. To assist this court in deciding this case as quickly as possible, the district court should proceed promptly. The panel retains jurisdiction.

REMANDED for further proceedings.